# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| R&M FLEET SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| VS. | ) ) |
| CARIBBEAN TRUCK & EQUIPMENT CO., INC., *et al.*, | ) ) ) |
| Defendants, | ) Case No. 2:12-cv-00411 ) |
| VS. | ) ) |
| ANDY'S TRUCK & EQUIPMENT CO., INC., *et al.*, | ) ) ) |
| Third-Party Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Third-Party Defendants' Motion to Dismiss, filed by Third-Party Defendants, Andy's Truck & Equipment Co., Inc. and Andrew Young (hereinafter collectively "Andy's"), on July 18, 2013 (DE #39); and (2) Third-Party Defendants' Amended Motion to Dismiss, filed by Third-Party Defendants, Andy's, on July 22, 2013 (DE #41). For the reasons set forth below, the Amended Motion to Dismiss (DE #41) is **DENIED**. The motion to dismiss (DE #39) is **DENIED AS MOOT**.

BACKGROUND

On July 24, 2012, Plaintiff, R&M Fleet Services, Inc., filed a complaint based on diversity jurisdiction against Defendants, Caribbean Truck & Equipment Company, Inc. and Francois Lubin (hereinafter collectively "Caribbean"), and "John Doe" in federal court in the Northern District of Oklahoma. Plaintiff is an Oklahoma corporation with its principal place of business in Creek County, Oklahoma. (Compl. ¶ 1.) Defendant Caribbean is an Indiana corporation with its principal place of business in Lake County, Indiana. (*Id.* ¶ 2.) The complaint alleges that Defendant Lubin is an individual resident of Indiana, however, the third-party complaint alleges that he is a resident of the state of Illinois. (*Id.* ¶ 2; DE #30, ¶ 3.)

The case was subsequently transferred to this Court on October 5, 2012, based upon a joint stipulation among the parties to transfer venue. (DE #14.) Plaintiff alleges that Caribbean engaged in fraudulent misrepresentations and schemed to defraud Plaintiff by inducing it to buy a 1997 Kohler Generator and engine for $60,000 that was not in good working condition; in violation of 15 O.S. §§ 58-59 and Oklahoma common law. (Compl.) Caribbean denies those allegations.

On February 15, 2013, Caribbean filed an "Agreed Motion for Joinder of Parties" to join Andy's Truck & Equipment Co., Inc. and Andrew Young, as third-party defendants in the case. (DE #27.) Andy's is an Illinois corporation licensed to conduct business in

Indiana and Young is a resident of Indiana. (DE #30, ¶¶ 4, 5.) Andy's sold the generator to Caribbean, who then sold it to Plaintiff. The Court granted the motion to join, and Caribbean filed a third-party complaint against Andy's. (DE ## 28, 30.)

In the third-party complaint, Caribbean alleges that any allegations of fraudulent misrepresentation or schemes to defraud stem from misrepresentations made by Andy's to Caribbean (before Carribean sold the generator to Plaintiff). (DE #30, ¶¶ 15-19.) In fact, the third-party complaint alleges the same facts as stated in the original complaint: Andy's represented to Caribbean that the generator was in good working condition, and that it had recently been seen in good working condition by Andy's Truck and Young. (*Id.* ¶ 18.) Caribbean joined Andy's as a third-party defendant and demands common law indemnity from Andy's if the Court finds in favor of the Plaintiff. (*Id.* ¶¶ 23, 26.)

On July 22, 2013, third-party defendant Andy's filed the instant amended motion to dismiss the third-party complaint lodged against them pursuant to Federal Rules of Civil Procedure 7 and Rule 12(b). (DE #41.) Andy's argues the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 to hear the case because joining a non-diverse third-party defendant destroys diversity jurisdiction. (DE #41, p. 2.) Caribbean filed a response in opposition on August 16, 2013. (DE #44.) Caribbean contends dismissal is not warranted because: 1) Andy's failed to file a

3

supporting brief with the motion to dismiss, violating local civil rules; and 2) 28 U.S.C. § 1367 provides for the exercise of supplemental jurisdiction over a third-party complaint brought by an original defendant. *Id.* Andy's failed to file a reply.

Andy's should have filed a separate supporting brief with the motion to dismiss under N.D. Ind. L.R. 7-1. Although Andy's failed to strictly follow the local rules, it did include supporting law and argument within the text of the motion to dismiss. Therefore, in the interest of justice, the Court will consider the motion to dismiss and accompanying argument. As such, this motion is fully briefed and ripe for adjudication.

DISCUSSION

For the purposes of analyzing Andy's Rule 12(b)(1) motion, the following standards apply. Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the

complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996).

Supplemental Jurisdiction Under 28 U.S.C. § 1367

Here, third-party plaintiff Caribbean and third-party defendant Andy's are citizens of the states of Indiana and Illinois. (DE #30, ¶¶ 2-5.) Andy's asserts that because no diversity of citizenship exists between these parties (everyone concedes there is no federal question in this case), this Court lacks jurisdiction. To the contrary, this Court has supplemental jurisdiction over these claims.

Andy's improperly bases its argument entirely on *Finley v. United States*, an outdated case where the Supreme Court interpreted § 1332(a) as denying joinder of non-diverse defendants in a claim where jurisdiction was based only on diversity. *Finley v. United States*, 490 U.S. 545, 551 (1989). In reaction to the Court's decision in *Finley,* less than a calendar year later, Congress adopted 28 U.S.C. § 1367, the supplemental jurisdiction statute. The statute overrules the decision in *Finley* banning joinder of non-diverse third-party defendants in diversity jurisdiction cases.

The text of § 1367 provides:

In any civil action of which the district courts

5

> have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Supplemental jurisdiction also covers claims made by original defendants against non-diverse third-party defendants under Federal Rule 14. *See Abbott Labs. v. CVS Pharm., Inc.*, 290 F.3d 854, 858 (7th Cir. 2002) ("Ever since 28 U.S.C. § 1367(a) overturned [*Finley*], the supplemental jurisdiction has been capacious enough to include claims by or against third parties."). The only party denied a back door claim against third-party defendants is the *original plaintiff* if they are non-diverse, which is not the case here. *See Aurora Loan Svcs, Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006) ("Section 1367(b) reflects Congress' intent to prevent *original* plaintiffs . . . from circumventing the requirements of diversity.").

In this case, the claim made against Andy's by Caribbean is certainly part of the same case or controversy as that between the original parties: Caribbean alleges that any liability for fraud or misrepresentation to Plaintiff stems from acts committed by Andy's. Caribbean joined Andy's for indemnity purposes under Rule 14(a)(1) and Rule 19 in case

6

Plaintiff succeeds on its claim against Caribbean. Thus, Andy's Truck & Equipment Co., Inc. and Andrew Young were properly joined as third-party defendants, and the supplemental jurisdiction requirements are met in this case.

CONCLUSION

For the reasons set forth above, the Amended Motion to Dismiss (DE #41) is **DENIED**. The motion to dismiss (DE #39) is **DENIED AS MOOT**.

**DATED: October 23, 2013**  /s/ RUDY LOZANO, Judge
**United States District Court**